**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| EMILY DICKINSON, | &#124; |
|      PLAINTIFF, | &#124; |
| | &#124; |
| v. | &#124; Case No. 4:18-cv-2647 |
| | &#124; |
| P&B CAPITAL GROUP, LLC, | &#124; |
| DE VILLE ASSET MANAGEMENT LIMITED, | &#124; |
| LEXON INSURANCE COMPANY, and | &#124; |
| TRAVELERS CASUALTY AND SURETY | &#124; |
| COMPANY OF AMERICA, | &#124; |
|      DEFENDANTS | &#124; |
| | &#124; |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq* (hereinafter referred to as "TFC") by P&B Capital Group, LLC ("P&B") and De Ville Asset Management Limited ("De Ville"), (collectively referred to as "Defendants").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this Judicial District.

1

## PARTIES

6.  Plaintiff, Emily Dickinson ("Plaintiff"), is an adult individual residing in Harrison County, Texas.

7.  P&B is a New York company operating from 455 Center Rd., West Seneca, NY 14224.

8.  P&B is not registered to do business in Texas, but can be served via its registered agent in New York, Corporation Service Company, at 80 State Street, Albany, NY  12207.

9.  De Ville is a Texas entity operating from 1132 Glade Rd, Colleyville, TX 76034.

10. De Ville can be served via its registered agent in Texas, Jay B. Ledford, P.C., at 2801 Paramoun Blvd., Amarillo, Texas 79109.

11. Defendant Lexon Insurance Company ("Lexon") is the surety company for the bond Defendant De Ville has on file with the Texas Secretary of State, bond number 1150927. Lexon is liable for acts committed by De Ville pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

12. Lexon is a foreign entity that can be served in the state of Texas via its registered agent, Jay A Thompson, at 701 Brazos St, Ste 1500, Austin, TX 78701.

13. Travelers is liable for acts committed by P&B pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 775224999TX, as well as any other applicable law.

14. Travelers is a foreign entity that can be served in the state of Texas via its registered agent in Texas, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

2

## FACTUAL ALLEGATIONS

15. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, the alleged account is an old personal loan which was used to purchase various personal items and not for any business or commercial purposes.

16. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

17. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

18. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

19. De Ville is a purchaser of defaulted debts and collects on those debts directly or indirectly for the purpose of making a profit.

20. According to its website (www.devilleltd.com):

> DeVille Asset Management specializes in the acquisition of defaulted account receivable portfolios from consumer credit originators such as major banks, retailers, credit unions, utility providers, and municipalities.

> DeVille generates revenues primarily through the purchase, collection and sale of performing and non-performing consumer receivables that have typically been delinquent 90 days by the credit grantors or not considered to be prime receivables. These receivables include MasterCard, Visa and other credit card accounts issued by banks.

21. De Ville uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

22. P&B's consumer website (www.pandbcapitalgroup.com) says:

> P&B Capital Group was established in 2004 with the intention of bridging the gap between creditors and consumers.
>
> …
>
> For too long, consumers that let accounts go delinquent and the collection agencies that collect on those accounts have suffered from an undeserved reputation in most cases.  Our company understands that unforeseen circumstances can occur in consumers' lives, leaving their finances in turmoil.  We strive to be the company that offers consumers resolutions that allow them to pay off their debts in a case specific fashion, helping them to alleviate [sic] the stress of outstanding debt and enabling them to once again get their credit moving in a positive direction.

23. P&B uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

24. P&B regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25. P&B is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

26. After the Account allegedly went into default with the original creditor and was purchased by De Ville, De Ville hired P&B to collect the Account.

27. P&B attempted to call Plaintiff multiple times and left messages for Plaintiff on Plaintiff's voicemail.

28. One of the messages P&B left for Plaintiff stated:

> Good afternoon, Ms. Dickinson. This is Melissa contacting you from Richter & Feldman.   We received (inaudible) dispute that was filed here affirmatively in our office.  Its being in pre-legal status at this time.  I would advise you to give me a call back immediately.  I'll be in my office today until 7 p.m. eastern time.  Once again, you can give me a call back at this number.  And when calling in, please do provide your claim number.  That number is 4095688.  4095688.  Thank you.

4

29. Although the caller claimed to be from "Richter & Feldman," the call was actually from P&B.

30. "Richter & Feldman" and/or "Richter, Feldman & Associates" is/are an unregistered fictitious name(s) that was/were used by P&B to hide its identity.

31. The words "dispute…filed affirmatively in our office" and "pre-legal status" and "claim number" were purposefully used in hopes that Plaintiff would be afraid that a lawsuit would soon be filed against Plaintiff if she did not repay the account.

32. The least sophisticated consumer would believe these words to mean that a lawsuit would soon be filed against him or her.

33. In the voicemail from P&B, P&B failed to provide meaningful disclosure of its identity, failed to inform Plaintiff that the call was from a debt collector or that the call was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection.

34. Plaintiff returned the call to P&B (using the name "Richter & Feldman") and was told that if the account was not paid by the end of the month, the Account would be re-listed on her credit report for the next 7 years.

35. This was a false statement in that the Account could not be listed for another 7 years, but could only be listed for a period of 7.5 years from the date of default.

36. Furthermore, P&B, on information and belief never had any intention of listing the item on her credit report.

37. P&B also left a message for Plaintiff wherein P&B told Plaintiff that if the call was not returned by five o'clock that day, Plaintiff would be turned over to the police and arrested for non-payment.

38. This too, was a false statement as Plaintiff could not be turned in to the police for failure to repay the Account and no arrest would result from failure to repay the Account.

39. Prior to receiving this voicemail in June, Plaintiff had spoken with De Ville and P&B about the Account on March 13, 2018.

40. In her conversation with De Ville, De Ville did not inform Plaintiff that De Ville was a debt collector or that the call was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection.

41. De Ville transferred Plaintiff to P&B who also did not inform Plaintiff that P&B was a debt collector or that the call was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection.

42. In one or more of the phone calls with P&B, and more specifically in a call when P&B used the fictitious name "Richter & Feldman", P&B was rude and belligerent to Plaintiff. P&B told Plaintiff directly or indirectly that she was wasting their time.

43. As a result of the conversation with P&B on March 13, 2018, P&B provided plaintiff a letter via email

44. Prior to this May 13, 2018 call to De Ville and P&B, De Ville attempted to collect the account from Plaintiff by calling Plaintiff's relatives, specifically her mother, mother-in-law and husband and informed all of them about the debt.

45. When De Ville called plaintiff's mother-in-law, she was told that Plaintiff owed an unpaid debt, that the debt had been purchased by an attorney and that if the debt wasn't paid immediately a warrant for Plaintiff's arrest would be issued.

46. This information conveyed to Plaintiff's mother-in-law was intended to be delivered to Plaintiff and was false, deceptive and misleading information as no warrant would be issued if the Account was not repaid.

47. Further, these communications with Plaintiff's mother and mother-in-law were unauthorized disclosures to third parties as Plaintiff never gave De Ville permission to speak with her relatives about the Account.

48. The reason P&B, in its own name and in the name "Richter & Feldman" and/or "Richter, Feldman & Associates", and De Ville said the things that were said to Plaintiff was to cause Plaintiff to make immediate payment of the Account.

49. P&B never provided Plaintiff with notice of any of the various rights described in 15 U.S.C. § 1692g(a).

50. De Ville never provided Plaintiff with notice of any of the various rights described in 15 U.S.C. § 1692g(a).

51. P&B knew that the information it communicated to Plaintiff was false.

52. De Ville knew that it was required to inform Plaintiff of its status as a debt collector.

53. The purpose for all of the calls and voicemails described above was to attempt to collect the Account.

54. The calls and voicemails conveyed information regarding the Account directly or indirectly to Plaintiff.

55. The calls and voicemails constituted "communication[s]" as defined by the FDCPA at 15 U.S.C. § 1692a(2).

56. The only reason that Defendants had conversations and/or left messages with Plaintiff was to attempt to collect the Account.

7

57. The statements and actions of Defendants constitute illegal communication in connection with debt collection.

58. At all times relevant hereto, P&B, using the name "Richter & Feldman" failed to have a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101.

59. All of the conduct by P&B and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully and purposefully.

60. De Ville knew, prior to and at the time of the conduct described above, that P&B repeatedly or continuously engaged in acts or practices that are prohibited by the Texas Finance Code § 392.001, *et seq*.

61. As a direct and proximate result of the aforesaid actions, Plaintiff seeks actual and statutory damages pursuant to 15 U.S.C. § 1692k and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

62. The representative(s) and/or collector(s) at P&B were employee(s) and/or agent(s) of P&B at all times mentioned herein.

63. The representative(s) and/or collector(s) at P&B were acting within the course and/or scope of their employment at all times mentioned herein.

64. The representative(s) and/or collector(s) at P&B were under the direct supervision and/or control of P&B at all times mentioned herein.

65. The actions of the representative(s) and/or collector(s) at P&B are imputed to their employer, P&B.

66. The representative(s) and/or collector(s) at De Ville were employee(s) and/or agent(s) of De Ville at all times mentioned herein.

67. The representative(s) and/or collector(s) at De Ville were acting within the course and/or scope of their employment at all times mentioned herein.

68. The representative(s) and/or collector(s) at De Ville were under the direct supervision and/or control of De Ville at all times mentioned herein.

69. The actions of the representative(s) and/or collector(s) at De Ville are imputed to their employer, De Ville.

70. The representative(s) and/or collector(s) at P&B were agent(s) of De Ville at all times mentioned herein.

71. The actions of the representative(s) and/or collector(s) at P&B are imputed to their principal, De Ville.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY P&B CAPITAL GROUP, LLC

72. The previous paragraphs are incorporated into this Count as if set forth in full.

73. The act(s) and omission(s) of P&B and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(2)&(6) and § 1692(e)(2)&(3)&(5)&(8)&(10)&(11) and § 1692g(a).

74. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from P&B.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE
### BY P&B CAPITAL GROUP, LLC

75. The previous paragraphs are incorporated into this Count as if set forth in full.

76. The act(s) and omission(s) of P&B and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.301 and §392.302(1)&(2) and § 392.304a(1)&(5)&(8)& (14)&(19).

9

77. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs from P&B.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY P&B CAPITAL GROUP, LLC

78. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, P&B is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). Southwest intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

79. Plaintiff suffered actual damages as a result of P&B's intrusion in the way of fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT IV:  UNREASONABLE COLLECTION EFFORTS BY P&B CAPITAL GROUP, LLC

80. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, P&B is liable to Plaintiff for its unreasonable collection efforts.

81. Plaintiff has a right to be free from unreasonable and wrongful collection and/or repossession efforts.  *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. –Waco 1962, writ ref'd n.r.e).

82. P&B's collection efforts were unreasonable and wrongful.

10

83. P&B's unreasonable collection efforts proximately caused Plaintiff to suffer injury, including but not necessarily limited to fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT V:  IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETYCOMPANY OF AMERICA FOR LIABILITY OF BY P&B CAPITAL GROUP, LLC

84. The previous  paragraphs are incorporated  into this Count as if set forth in full.

85. The act(s) and omission(s) of P&B and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304a(5)&(8)&(19) are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

86. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Travelers.

### COUNT VI:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY De VILLE CAPITAL MANAGEMENT, LLC

87. The previous paragraphs are incorporated into this Count as if set forth in full.

88. The act(s) and omission(s) of De Ville and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and § 1692d(2)&(6) and § 1692e(2)&(3)& (5)&(8)&(10)&(11) and § 1692g(a).

89. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from De Ville.

### COUNT VII:  VIOLATIONS OF THE TEXAS FINANCE CODE BY De VILLE CAPITAL MANAGEMENT, LLC

90. The previous paragraphs are incorporated into this Count as if set forth in full.

91. The act(s) and omission(s) of De Ville and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.301 and §392.302(1)&(2) and § 392.304a(1)& (5)&(8)&(14)&(19) and § 392.306.

92. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

### COUNT VIII:  IMPUTED LIABILITY OF LEXON INSURANCE COMPANY FOR LIABILITY OF De VILLE CAPITAL MANAGEMENT, LLC

93. The previous paragraphs are incorporated into this Count as if set forth in full.

94. The act(s) and omission(s) of De Ville and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.301 and §392.302(1)&(2) and § 392.304a(1)&(5)&(8)&(14)&(19) and § 392.306 are imputed to Lexon pursuant to Tex. Fin. Code § 392.102.

95. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Lexon.

### EXEMPLARY DAMAGES

96. Exemplary damages should be awarded against P&B and/or De Ville because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by P&B and/or De Ville to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that P&B's and/or De Ville's actions and/or omissions (i) when viewed objectively from P&B's and/or De Ville's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that P&B and/or De Ville had an actual, subjective awareness of the risk involved but

nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

97. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

98. Judgment in favor of Plaintiff and against P&B as follows:

    a.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    b.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    c.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.  Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    e.  Such other and further relief as the Court deems just and proper.

99. Judgment in favor of Plaintiff and against P&B and Travelers jointly and severally, as follows:

    a.  Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b.  An injunction permanently enjoining P&B following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    c.  Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

    d.  Such other and further relief as the Court deems just and proper.

100.   Judgment in favor of Plaintiff and against De Ville as follows:

    a.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    b.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.   Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    e.   Such other and further relief as the Court deems just and proper.

101.   Judgment in favor of Plaintiff and against De Ville and Lexon jointly and severally, as follows:

    a.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b.   An injunction permanently enjoining De Ville following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    c.   Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

    d.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103 – PMB 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
*Attorney for Plaintiff*